UNITED STATES of America, ex rel. James LOCKYER, State of Hawaii, ex rel. James Lockyer; James Lockyer, in his own behalf, Plaintiffs—Appellants,

v.

HAWAII PACIFIC HEALTH GROUP PLAN FOR EMPLOYEES OF HAWAII PACIFIC HEALTH; Kauai Medical Clinic; Wilcox Memorial Hospital; Wilcox Health System; William A. Evslin, aka Lee A. Evslin, Defendants—Appellees.

No. 07–17174.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2009.

Filed Aug. 27, 2009.

Rafael G. Del Castillo, Arleen D. Jouxson, Jouxson–Meyers & Del Castillo, Wahiawa, HI, Harry Yee, Office of the U.S. Attorney, Honolulu, HI, for Plaintiffs–Appellants.

Edwin D. Rauzi, Davis Wright Tremaine LLP, Seattle, WA, Kenneth S. Robbins, Robbins & Associates, Anna M. Elento–Sneed, Alston Hunt Floyd & Ing, Honolulu, HI, Harry R. Silver, Susan B. Hendrix, Patton Boggs, LLP, Washington, DC, for Defendants–Appellees.

Before: REINHARDT, BRUNETTI and THOMAS, Circuit Judges.

### MEMORANDUM*

James Lockyer, as relator for the United States and the State of Hawaii and in his individual capacity, appeals the district court's summary judgment on counts one and three of Lockyer's *qui tam* complaint against his former employer and related parties for alleged violations of the federal False Claims Act ("FCA") and related state laws. We affirm.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

As to count one, Lockyer has failed to establish a genuine issue of material fact as to whether the defendants had the requisite scienter to support liability under the FCA, 31 U.S.C. § 3729(a)(1)–(3). Lockyer has presented evidence that raises genuine issues of fact as to whether the defendants violated the Medicare "incident to" rules. Nonetheless, "the FCA requires more than just a false statement—it requires that the defendant *knew* the claim was false." *United States ex rel. Oliver v. Parsons,* 195 F.3d 457, 464 (9th Cir.1999). A defendant's good faith interpretation of a regulation does not give rise to liability, "not because his or her interpretation was correct or 'reasonable' but because the good faith nature of his or her action forecloses the possibility that the scienter requirement is met." *Id.* "For a *qui tam* action to survive summary judgment, the relator must produce sufficient evidence to support an inference of knowing fraud." *United States ex rel Anderson v. N. Telecom, Inc.,* 52 F.3d 810, 815 (9th Cir.1995). Because the evidence produced by Lockyer, viewed in the light most favorable to him, suggests only that any noncompliance with the Medicare regulations was due to a good faith interpretation of the regulations or at worst to negligence in the clinic's compliance, the district court properly entered summary judgment for the defendants. *See* 31 U.S.C. § 3729(b) (requiring either "actual knowledge," "deliberate ignorance," or "reckless disregard"); *Oliver,* 195 F.3d at 464; *United States ex rel Hochman v. Nackman,* 145 F.3d 1069, 1074 (9th Cir.1998); *Hagood v. Sonoma County Water Agency,* 81 F.3d 1465, 1478–79 (9th Cir.1996).

As to count three, Lockyer has failed to raise a genuine issue of material fact as to whether he engaged in protected conduct *and* that the defendants knew of that fact; both are necessary to support liability under the FCA's retaliation provision, 31 U.S.C. § 3730(h). Here, even if Lockyer were acting in the belief that the defendants had committed fraud against the government, there is no evidence that the defendants were aware that he had engaged in protected conduct. *See United States ex rel Hopper v. Anton,* 91 F.3d 1261, 1269 (9th Cir.1996) ("the employer must have known"). In fact, Lockyer and his attorneys had expressly represented to the defendants that their records request was related only to Lockyer's compensation; they "never gave any indication [he] was investigating the [defendants] for defrauding the federal government." *Id.* at 1270.

Although counts one and three of Lockyer's *qui tam* complaint also allege violations of the Hawaii law, no state law issues were raised in the briefs. Our analysis of the federal claims is therefore sufficient for the disposition of this appeal.

**AFFIRMED.**